Thiele. Thiele. You may proceed, Counsel. Good morning, Your Honors. My name is Joe Thiele. This appeal presents questions for the court concerning sufficiency, primarily concerning sufficiency of evidence at trial to sustain the convictions. Mr. Thiele was charged, along with several others, in a multiple count conspiracy having to do with robbing a series of robberies at a hotel and gun counts. Mr. Thiele, the government failed to present sufficient evidence on some of the counts. They agreed to a dismissal during trial to close their case on one of the gun counts. The jury acquitted on a robbery count and another gun count. But the jury convicted Mr. Thiele with respect to having been part of a conspiracy to do the first robbery. And based upon that, they also convicted him of the substantive robbery count and one gun count for the gun used in that first robbery. Counsel, I think we're pretty well aware of the facts. The problem I have with the Rule 29 issue is that the evidence seems to be that this man was involved, he was in on the planning, he served as a lookout. Isn't that enough? Your Honor, I think the evidence really does not fully support the characterization that you just gave the facts. The evidence was that he was at a trailer where planning took place. The planning primarily took place in the bedroom. The gang leader, if you will, Mr. Clark Agner, testified that he did not recall Mr. Thiele being in on any of the discussions. When he named at different places during his testimony who the participants were in the discussions, he did not really name Mr. Thiele. Some of the other people said he may have been in on some of the discussions. Some characterized it as a little bit. The evidence is not solid that he was in on all of the discussion. He may have overheard parts of it, but certainly the evidence was not. But, Counsel, this is not just a single discussion at a trailer between some people who just happened to be there that night. There is evidence in the record that this was a gang that had been formed quite deliberately, that Mr. Thiele was a member of the gang, that one of the responsibilities of the gang was to show what kind of dirt they could commit in order to prove their worthiness to be part of the gang, and that all of the people who were there at the trailer had some either direct affiliation or some indirect affiliation with the gang, and that Mr. Thiele followed them when they went out to knock over the motel. That's evidence that was placed before the jury, and he had an opportunity to make these arguments, and I guess the jury didn't, it's pretty evident the jury didn't accept it. Why should this have been taken from the jury? Your Honor, because knowledge that a robbery is going to take place, even if we get past the paucity of evidence as to what his involvement in the discussions were and how much it was, even if we assume he heard the entire discussion and planning, which the evidence doesn't support that, but let's assume that. Knowledge alone of a robbery is going to take place, and mere presence doesn't, is not sufficient to sustain a conviction. The evidence of what he did was that he and, there were two vehicles. The ones coming in the robbery left them in one vehicle. They were in one vehicle. He was told about where the robbery was going to be after they're driving around, because originally some of these guys were going to go do something else. They were going to go rob some people at ATMs. They then decided they were going to rob a hotel. They met up on a street. They were told that. Mr. Thiele and the two other individuals in his vehicle went across the street to watch, not as lookouts. Now, the government argued that the jury could draw an inference that they were lookouts, but Mr. Clark Agner, who came up with the plan, said that's not what they're doing. They were doing it to watch for excitement. Now, the cases that this circuit has issued and decided says that's not enough. Mere presence isn't enough. Toe, the case that we cited, one of the cases cited in our brief, says mere knowledge and presence is not enough. You have to have more. You have to have a situation where the defendant voluntarily participated in helping to accomplish the goal. How about getting paid for it? The evidence on that, Your Honor, was that when they went back to the trailer, there's a He got maybe 10 bucks, but it wasn't for participation. There was no ---- I mean, the jury can draw all these inferences. If you add up that he was not just a member of the gang, he was a founding member of the gang, who was so tough he got walked on, and he said, okay, when told that they were going to go rob the bank and he stood by, and the peanut gallery is just as involved as, I guess, the participants if they're there cheering them on. Well, the testimony trial was that when these people went, people gathered at the trailer afterwards, money was given to whoever was at the trailer, regardless of whether they were in the gang, out of the gang, or just there parting down. The disbursement of money had nothing to do with the robbery. Well, that's a good argument, but it wasn't bought. Well, but that's the purpose of this Court, is to view the evidence separate and apart from the things that happen in trial that influence juries and say, is it sufficient? I think under the cases that we've cited, that the evidence just doesn't get to the point where it's sufficient, especially when we come to the gun count. Now, it's clear that Mr. Teeley did not carry a gun in the robbery, didn't do much, and the case that is most guidance on this is Hoskins. In Hoskins, the Court stated that in order to sustain a conviction on a gun count where somebody didn't actively have the gun, provided whatever, that where they're found by carrying a gun in the robbery, they were not allowed to carry a gun. If they were commercially liable, they must have had a sufficiently high level of involvement in the robbery to sustain a conviction. And in that case, they cited United States v. Castaneda, where the Court had reversed a conviction on foreseeability grounds because the defendant's relationship was so tenuous. Here, Mr. Teeley, if you go through the record, there is nothing in the record to show that Mr. Teeley saw or knew about a gun before the robbery took place. There is, but what Hoskins turns on also, besides foreseeability, is what was the role. And they say that if someone has a tenuous relationship or is a bit player, you can't sustain it on vicarious liability grounds. Here, the evidence, quite frankly, suggests that... I thought Clark testified that he had, well, clean up his language, but he had an attitude of being a bit player. And that always carried a gun and people knew it. And gave a lot of testimony about the gang's access to guns. There was evidence that a gun was present at the trailer. It wasn't quite that, Your Honor, because what he said was they knew that if he had a gun, he might use it. What the evidence in the testimony trial didn't show was that Teeley had knowledge or saw a gun at the trailer. Some other people said they saw a gun at the trailer, but they didn't say when. And the evidence does not show that Teeley saw the gun at the trailer. I mean, that type of evidence simply is not in the record. But when we get to the aspect of whether he had a sufficient role, I submit that he did not. The evidence simply does not sustain the test from Hoskins that needs to be met in order to hold him vicariously liable on the gun count. Anybody want to go on to your next issue? I just want to note in passing that the government does not argue aiding and abetting with regard to the gun count. They're hanging their hats solely on vicarious liability, so that's not even an issue. With regard to the robbery, we are maintaining that in the government, we are maintaining an argument contrary to the government's argument, because there they do support it, try to support it on aiding and abetting liability. We've set forth in the briefing that the evidence on that is not sufficient, because there is not evidence that he committed an act in furtherance of it. With respect to the last two issues in the briefing have to do with whether or not the judge went far enough in determining on sentencing whether Mr. Teeley should have gotten a further reduction as a minimal participant. We maintain that he should have gotten a further adjustment downward, because his role was so minimal. And the last argument is really the apportionment of restitution. I'm just going to leave that on the briefing. Thank you, counsel. You have reserved time. We'll hear from the government. Good morning, Your Honor. Does the Court have questions? Would you introduce yourself for the record, please? I'm Richard Friedman with the Appellate Section of the Criminal Division. No questions. And I'll yield my time to the Court. Thank you, counsel. Mr. Loescher, anything further? No, Your Honor. Thank you. The case just argued will be submitted for decision. And the Court will now hear United States v. Ranger Crusch. Thank you.
judges: O'scannlain, Rymer, Bybee